UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
SAUDY GUERRERO,                                 :
                Petitioner,       :
                                  :       **ORDER**
v.                                              :
                                  :       19 CV 4130 (VB)
UNITED STATES OF AMERICA,                       :       S11 14 CR 768-9 (VB)
                Respondent.       :
--------------------------------------------------------------x

      Petitioner Saudy Guerrero's "motion pursuant to Rule 59(e) to alter or amend judgment"—in effect, a motion for reconsideration of the Court's denial of his Section 2255 motion—is DENIED for substantially the reasons set forth in the government's letter in opposition dated September 20, 2021.

      In particular, Guerrero's motion fails to raise any new evidence or law that "might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

      First, the letter dated November 10, 2018, which is attached to Guerrero's motion, does not change the fact that petitioner's ineffective assistance of counsel claim is time barred under AEDPA.

      Second, the November 10 letter is not new evidence, because Guerrero admits the letter was in his possession at the time he filed his Section 2255 motion.

      Third, the November 10 letter was sent to Mr. Patel nine months after the deadline to file an appeal had expired, and nothing in the letter either suggests that Guerrero had previously asked Mr. Patel to file an appeal or undermines Mr. Patel's credible assertion that Guerrero never requested that Mr. Patel file a notice of appeal. Indeed, the letter was returned to Guerrero as "not deliverable as addressed." Thus, it is clear Mr. Patel never even received the November 10 letter. In short, the letter does not alter the Court's conclusion that Guerrero failed to show he actually requested Mr. Patel to file an appeal. And even if Mr. Patel had received the letter, he would not have been ineffective for failing to file a notice of appeal nine months after the deadline to do so had expired.

      Finally, Guerrero's motion does not raise any new or intervening change in controlling law that would alter or impact the Court's decision to deny the Section 2255 motion.

## CONCLUSION

      Petitioner's Rule 59(e) motion is DENIED.

      As petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2).

      The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

      The Clerk is instructed to terminate the motion.  (Doc. #35 in case no. 19-cv-4130).

      Chambers will mail a copy of this Order to petitioner at the following address:

Saudy Guerrero, Reg. No. 62424-018  
FCI Gilmer  
Federal Correctional Institution  
P.O. Box 6000  
Glenville, WV  26351

Dated: October 18, 2021  
       White Plains, NY

SO ORDERED:

*(signature)*

Vincent L. Briccetti  
United States District Judge