Copy mailed by chambers 6-1-22 DH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA,                 :
                                          :
v.                                        :     **ORDER**
                                          :
                                          :     S11 14 CR 768-9 (VB)
SAUDY GUERRERO,                           :
                      Defendant.          :
--------------------------------------------------------------x

     Defendant Saudy Guerrero moves for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), because he claims to be at risk of severe complications from COVID-19 if he were to contract the disease; his conditions of confinement have been unusually harsh; he is no longer a danger to the community; he did not have the assistance of an attorney when he previously sought habeas relief under 28 U.S.C. § 2255; and he is not guilty of racketeering conspiracy.

     For the following reasons, the motion is DENIED.

     In October 2017, Guerrero—a member of a violent street gang in Yonkers—waived indictment and pleaded guilty to conspiracy to participate in the affairs of a racketeering enterprise, conspiracy to distribute marijuana and more than 500 grams of cocaine, and discharge of a firearm during and in relation to the racketeering conspiracy and the drug conspiracy.

     Guerrero admitted he agreed with others to participate in the gang's activities, that as part of those activities he personally participated in multiple robberies and shootings, and that he agreed with others to distribute marijuana and more than 500 grams of cocaine. Guerrero also admitted that as part of the gang's racketeering activity, he aided and abetted the attempted assault and menacing of Andre Folsom, during the course of which Mr. Folsom was shot and killed.

     Guerrero's advisory sentencing range was 355-413 months' imprisonment, which included a mandatory minimum consecutive sentence of 120 months' imprisonment.

     On January 29, 2018, the Court sentenced Guerrero to an aggregate term of imprisonment of 264 months (22 years), which constituted a substantial downward variance from the applicable Guidelines range, after taking into consideration Guerrero's youth at the time of the offenses (he was between 18 and 20 years old), his remorse and strong family support, and the fact that his level of culpability was somewhere in between that of two other defendants in the case who were also involved in the Folsom shooting and who had previously been sentenced to 180 and 360 months' imprisonment, respectively. Pursuant to 18 U.S.C. § 3553(a), the Court found the sentence was sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and avoid unwarranted sentence disparities among similarly situated defendants.

     Guerrero has been detained since May 19, 2015, which means he has served approximately 7 years of his 22-year sentence, or about one-third of the sentence imposed.

The law does not permit a sentence of imprisonment to be reduced once it has been imposed, except in the rare circumstance in which the Court, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

Here, Guerrero principally argues his underlying health conditions—hypertension, mild obesity (at 5'8'' and 215 lbs.), depression, and anxiety—put him at risk of severe complications from COVID-19 if he is infected (or re-infected, as there is some indication in his Bureau of Prisons ("BOP") medical records that he previously contracted and recovered from the disease). But Guerrero is only 27 years old and, as documented in his medical records, he has been fully vaccinated against the virus, which means that notwithstanding his underlying health conditions (for which he has received both treatment and medication while in prison), his risk of severe complications from COVID-19 is substantially reduced. Thus, that risk is not an extraordinary or compelling reason warranting a reduction of sentence.

In addition, there are currently zero active cases of COVID-19 among the inmates and staff at FCI Gilmer, where Guerrero is incarcerated. See BOP, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited May 31, 2022). Thus, it appears FCI Gilmer has done an adequate job of responding to the pandemic and keeping its inmates safe.

Also, Guerrero's conditions of confinement do not constitute an extraordinary or compelling reason warranting early release. There is no question restrictions have been placed on visitation, recreation, program participation, and the like, but of course these very restrictions are why the BOP has managed to keep its inmates reasonably safe during the pandemic.

Likewise, Guerrero's claim that he is no longer a danger to the community—because of his rehabilitation in prison and the fact that he is likely to be deported upon release—does not constitute an extraordinary or compelling reason warranting early release. The gravity of Guerrero's crimes outweigh any rehabilitative progress he has made in prison (although the Court strongly encourages Guerrero to continue with his work and participation in educational programs), and the Court is not convinced Guerrero will not pose a danger to whatever community he may ultimately be released into.

Finally, Guerrero's arguments that he did not have the assistance of a lawyer when he previously sought habeas relief and is not guilty of racketeering conspiracy are also without merit. Guerrero admitted his guilt and his conviction is final. The Court denied his Section 2255 motion because it was baseless, not because it was filed pro se. The instant motion cannot be used to attack the validity of Guerrero's conviction or sentence.

In short, no extraordinary and compelling reasons warrant an early release in this case.

The Court has also considered the Section 3553(a) factors "to the extent that they are applicable," as required by Section 3582(c)(1)(A). The serious nature of Guerrero's violent crimes fully warranted a 22-year prison sentence at the time it was imposed. The need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter Guerrero from future criminal conduct, protect the public, and avoid unwarranted sentence disparities with his similarly situated co-defendants, weighs strongly against Guerrero's early release, especially considering that he has served only about one-third of the sentence imposed.

Accordingly, the motion for a reduction of sentence is DENIED.

Chambers will mail a copy of this Order to defendant at the following address:

Saudy Guerrero, Reg. No. 62424-018
FCI Gilmer
Federal Correctional Institution
P.O. Box 6000
Glenville, WV 26351

Dated: May 31, 2022
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge