UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
UNITED STATES OF AMERICA,

v.

SAUDY GUERRERO,
                           Defendant.
--------------------------------------------------------------x

**ORDER**

S11 14 CR 768-9 (VB)

     By Order dated May 31, 2022, the Court denied defendant's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), and mailed a copy to defendant. Thereafter, the Court received defendant's reply to the government's opposition. (Doc. #606). Because the reply is dated May 24, 2022, and was obviously mailed by defendant prior to the Court's issuance of the May 31 Order, the Court has fully considered all the arguments and information contained in the reply in deciding whether to reconsider its decision to deny the motion.

     Defendant's reply for the most part reiterates the arguments made in his initial submission, and adds a few new arguments, including that he suffers from a number of medical conditions in addition to those mentioned in his initial submission, his medical conditions are not under control in custody, vaccination does not eliminate the risk of severe complications if he contracts COVID-19, and if the Court declines to reduce his sentence to "time served," it should reduce it to 180 months' (i.e., 15 years') imprisonment.

     Having carefully construed defendant's reply, nothing therein changes the Court's conclusion that the motion for a reduction of sentence must be denied. Defendant is fully vaccinated. And although vaccination does not eliminate the risks associated with COVID-19, it clearly substantially reduces the risk of severe complications, even considering the full extent of defendant's medical conditions. Thus, that reduced risk does not constitute an extraordinary or compelling reason warranting a reduction of sentence.

     Likewise, the other arguments made in defendant's reply, which largely restate his original arguments, do not constitute extraordinary and compelling reasons warranting early release.

     Finally, as it did in its May 31 Order, the Court has again considered all of the factors set forth in 18 U.S.C. § 3553(a) to the extent applicable. The serious nature of defendant's violent crimes—multiple robberies and shootings, drug trafficking, and his involvement in the shooting death of Andre Folsom—fully warranted a 22-year prison sentence at the time it was imposed. The need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter defendant from future criminal conduct, protect the public, and avoid unwarranted sentence disparities with his similarly situated co-defendants all continue to weigh strongly against defendant's early release, especially considering that he has served only about one-third of the sentence imposed. This is true even considering his youth at the time of the offenses, his remorse, his rehabilitative progress, and his likely deportation upon release.

     For the same reasons, a sentence reduction to 180 months is also not warranted.

1

Accordingly, the Court adheres to its decision to deny defendant's motion for a reduction of sentence.

Chambers will mail a copy of this Order to defendant at the following address:

Saudy Guerrero, Reg. No. 62424-018
FCI Gilmer
Federal Correctional Institution
P.O. Box 6000
Glenville, WV 26351

Dated: June 6, 2022
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge