UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA          :
                                  :
v.                                :
                                  :
SAUDY GUERRERO,                   :
                    Defendant.    :
------------------------------------------------------x

3|19|24

**ORDER**

S11 14 CR 768-09 (VB)  3-19-24

Copies Mailed/Faxed
Chambers of Vincent L. Briccetti

By motion dated February 26, 2024, defendant Saudy Guerrero seeks a reduction of
sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the U.S. Sentencing
Guidelines.  (Doc. #649).  The motion is DENIED because Guerrero is not eligible for a
sentencing reduction under Amendment 821.

In Amendment 821, the Sentencing Commission retroactively amended the Guidelines in
two respects.  Part A amends Section 4A1.1 by reducing from 2 to 1 the number of criminal
history points added for offenders who committed the instant offense while under a criminal
justice sentence (such as probation), and by limiting this provision to defendants who otherwise
received 7 or more criminal history points.  Part B creates a new Section 4C1.1, which provides
for a two-level decrease in offense level for defendants with zero criminal history points who
meet specified eligibility criteria.

Guerrero was sentenced on January 29, 2018, after pleading guilty to racketeering
conspiracy (Count One), drug trafficking conspiracy (Count Two), and discharging firearms in
furtherance of both the racketeering conspiracy and the drug trafficking conspiracy (Count
Three).  At sentencing, his final offense level on Counts One and Two was 35.  Because he had 9
criminal history points, including 2 points for committing the instant offenses while on
probation, he was in Criminal History Category IV.  At Level 35, Criminal History Category IV,
Guerrero's guideline range on Counts One and Two was 235-293 months' imprisonment.
Because Count Three required a mandatory consecutive sentence of 120 months' imprisonment,
Guerrero's effective guideline range for all three counts was 355-413 months' imprisonment.
The sentence imposed was 264 months' imprisonment—144 months on Counts One and Two to
run concurrently with each other, and 120 months on Count Three to run consecutively to the
sentences imposed on Counts One and Two.

Regarding Part A of Amendment 821, Guerrero had 7 criminal history points before the 2
points were added based on his having committed the instant offenses while on probation.  Under
Amendment 821, only 1 point is added, such that he now has 8 (instead of 9) criminal history
points.  As noted above, at the time of sentencing, he was in Criminal History Category IV based
on 9 criminal history points.  With 8 criminal history points, Guerrero is still in Criminal History

Category IV.[1] Thus, his guideline range is exactly the same as it was at the time of sentencing—355-413 months' imprisonment.

Regarding Part B of Amendment 821 (the zero-point offender provision), Guerrero does not qualify because he did not have zero criminal history points at the time of sentencing.

In short, Amendment 821 did not lower Guerrero's guideline range, and therefore he is not eligible for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

Accordingly, the motion is DENIED.[2]

Chambers will mail a copy of this Order to Guerrero at the following address:

Saudy Guerrero, Reg. No. 62424-018
FCI Gilmer
Federal Correctional Institution
P.O. Box 6000
Glenville, WV  26351

Dated: March 19, 2024
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

---

[1]     Guerrero appears to argue that 5 of his criminal history points were improperly assessed because three of his prior sentences "occurred on the same date without an intervening arrest." This is incorrect because although several sentences were imposed on the same date (May 11, 2012), they were all imposed for offenses that were separated by intervening arrests, and are thus counted separately; i.e., Guerrero was arrested for the first offense prior to committing the second offense, and he was arrested for the second offense prior to committing the third offense. See U.S. Sentencing Guidelines § 4A1.2(a)(2). Moreover, his two prior sentences for violation of probation were imposed two years later on October 28, 2014. In any event, at the time of sentencing, the Court adopted the guidelines calculation in the presentence report, including the calculation of Guerrero's criminal history category (which was consistent with his plea agreement), without objection by either party.

[2]     Guerrero has also moved for appointment of counsel. Because he is ineligible for a sentencing reduction under Amendment 821, the motion for appointment of counsel is DENIED.

2